## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.:

---

STRATHMORE INSURANCE COMPANY a/s/o PIZZI FARMS
CONDOMINIUM TRUST

Plaintiff,

v.

HERB CHAMBERS INC. and UNIVERSAL UNDERWRITERS
INSURANCE COMPANY

Defendants.

---

## COMPLAINT AND JURY DEMAND

## THE PARTIES

1.      The Plaintiff, Strathmore Insurance Company  (hereinafter the Plaintiff or "Strathmore"), is incorporated under the laws of the State of New York with a principal place of business at 200 Madison Avenue, New York, New York and is duly authorized to issue policies of insurance in the Commonwealth of Massachusetts.

2.      The Subrogor, Pizzi Farms Condominium Trust (hereinafter "Pizzi Farms") at all relevant times herein is the owner of the property located at 15 Kings Way, Waltham, Massachusetts, which is the property that is the subject of this complaint (hereinafter "subject property").

3.      Defendant, Herb Chambers Inc., (hereinafter "Herb Chambers") is a domestic corporation. Upon information and belief, its principal place of business is 83 Post Road, Sudbury, Massachusetts 01776.

4.     Defendant, Universal Underwriters Insurance Company, (hereinafter "Universal") is incorporated under the laws of the State of Illinois with a principal place of business at 1400 American Lane, Schaumburg, Illinois 60196.

## JURISDICTION AND VENUE

5.     Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.     There is complete diversity of the parties pursuant to 28 U.S.C. §1332(c)(1).

7.     This court has personal jurisdiction over the Defendants because the Defendants regularly conduct business in the District of the Commonwealth of Massachusetts and therefore has substantial and continuous contacts within this judicial District; because the Defendant has purposefully availed itself of the privileges of conducting business in this judicial District and reasonably should expect their infringing conduct to have consequences in the Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

8.     Plaintiff Strathmore issued to Pizzi Farms a policy of insurance insuring the subject property.

9.     Pizzi Farms submitted a claim under the policy of insurance issued by Strathmore.

10.     Strathmore paid Pizzi Farms respective damages and is now subrogated to any rights of recovery for these damages.

11.     On December 17, 2014 substantial fire damage occurred in two of the units (Units 45 and 47) at the subject property, as a result of a vehicle fire that originated in the garage of Unit 45.

12.     Upon inspection of the fire scene, it was observed that the fire initiated in the engine compartment of the vehicle. The vehicle at issue is a 2011 BMW X5 (hereinafter "subject vehicle").

13.     Herb Chambers performed service on the subject vehicle on or about December 17, 2014. Herb Chambers removed the valve cover in order to perform its services and reinstalled it improperly.

14.     On December 17, 2014, the vehicle owner, Kenneth Demerjian, retrieved the subject vehicle from Herb Chambers after the service work had been performed by Herb Chambers or its agents.

15.     Kenneth Demerjian drove the subject vehicle to his condominium unit (Unit 45) at the subject building shortly after retrieving the subject vehicle. The subject vehicle was parked in the garage of Unit 45.

16.     Moments after the subject vehicle was parked and turned off, the subject vehicle caught fire. The fire spread to the subject property.

17.     The cause of the fire was due to Herb Chamber's improper installation of the valve cover for the subject vehicle. The improperly installed valve cover allowed oil to leak on the hot engine block, which ignited.

18.     The installation of the valve cover was negligent.

19.     The improper installation of the valve cover created a foreseeable risk of harm.

20.     As a direct and proximate result of the improper installation of the valve cover, the subject building was damaged.

21.     Shortly after the fire was discovered, Herb Chambers was notified of the fire.

22.     On December 31, 2014, Herb Chambers was placed on notice of a liability claim for the damage to the subject property caused by its faulty services.

23.     On January 5, 2015, Universal acknowledged notice of the liability claim against its insured, Herb Chambers.

24.     On information and belief, at all relevant times herein Herb Chambers was covered by a policy of liability insurance issued by Universal.

25.     On January 21, 2015, a joint inspection of the subject vehicle was conducted by representatives of all potential interested parties, including Herb Chambers, Universal, and Strathmore to preliminarily document the cause and origin of the fire.

26.     On January 30, 2015, Universal issued a written liability determination, whereby it denied all liability for the fire based on its investigation conducted to date. Further information and documentation was requested, including expert reports and color photos.

27.     On March 26, 2015, a subsequent joint inspection of the subject vehicle was conducted by representatives of all potential interested parties, including Herb Chambers, Universal, and Strathmore to further document the cause and origin of the fire.

28.     On May 19, 2015 The Plaintiff provided the requested information and documentation that it had in its possession, including a detailed statement of its theory of liability, photographs showing that the valve cover was improperly installed, photographs

of the fire damage to the engine compartment of the subject vehicle, photographs of the damages to the subject building, Waltham Fire Department's incident report, and estimates and/or invoices for mitigation and repairs for the fire damage to the subject building.

29.     The available facts of the fire incident and Herb Chambers' liability for faulty services were known by the Defendants sometime shortly after May 19, 2015, once the joint inspections were conducted and the requested information and documentation was provided.

30.     The available facts gave Universal good reason to reasonably conclude that its insured, Herb Chambers, was liable to the Plaintiff.

31.     Liability of Universal's insured, Herb Chambers, was reasonably clear sometime shortly after May 19, 2015.

32.     Despite having sufficient information to conclude that its insured, Herb Chambers, was liable to the Plaintiff, on August 5, 2015, Universal issued a liability determination whereby it denied all liability for this clam and failed to make a reasonable settlement offer.

33.     Universal's failure to make any settlement offer after receiving sufficient information and documentation to establish that its insured, Herb Chambers, was liable for the subject claim is an intentional and unfair dilatory tactic in order to (a) avoid effectuating a prompt, fair, and equitable settlement and (b) compel the Plaintiff to institute litigation to recover amounts due.

**COUNT I**
**NEGLIGENCE**
*Plaintiff v. Herb Chambers of Sudbury, Inc.*
_____

34.     The allegations contained in paragraphs 1 through 33 of the Complaint are hereby incorporated as if fully set forth herein.

20.     Defendant Herb Chambers had a duty of reasonable care in the performance of its service work on the subject vehicle.

35.     Defendant Herb Chambers breached its duty to exercise due care.

36.     The oil leak from the valve cover and resulting fire damage was caused by the carelessness, negligence, gross negligence, and/or negligent acts or omissions of the Defendant Herb Chambers as follows:

   a.   Failing to properly and adequately install and inspect the valve cover;

   b.   Failing to follow and/or comply with applicable codes, statutes, ordinances and/or industry standards;

   c.   Causing or allowing the oil discharge to occur; and

   d.   Otherwise failing to use due care under the circumstances, as may be exposed in the course of discovery.

37. As a result of Defendant Herb Chambers' breach of duty to exercise due care Pizzi Farms suffered substantial damages, the rights to which the Plaintiff is subrogated.

   WHEREFORE, the Plaintiff respectfully requests that that the Court enter judgment against Defendant Pizzi Farms and that the Plaintiff be awarded its damages, costs, and any other relief that the Court deems just and proper.

**COUNT II**
**VIOLATION OF CHAPTER 93A §2 and §11**
*Plaintiff v. Defendant Universal Underwriters Insurance Company*
_____

38. The allegations contained in paragraphs 1 through 37 of the Complaint are hereby incorporated as if fully set forth herein.

39. At all relevant times herein, Strathmore and Universal were each engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts.

40. Universal engaged in conduct that constituted unfair and deceptive business practices under M.G.L. c.93A §2 and §11 as result of the factual allegations set forth herein and such other and further acts and/or omissions that may be revealed in the discovery process.

41. Strathmore sustained a loss of money and property as a direct and proximate result of the unfair and deceptive acts of Universal.

42. The unfair and deceptive acts committed by Universal were willful and knowing violations of M.G.L. c.93A §2.

WHEREFORE, the Plaintiff respectfully requests that that the Court enter judgment against Defendant Universal and that the Plaintiff be awarded its damages, enhanced damages up to treble, its costs and reasonable attorney's fees, and any other relief that the Court deems just and proper.

**JURY DEMAND**

The Plaintiff Strathmore demands a trial by jury on all triable issues.

Plaintiff
Strathmore Insurance Company a/s/o Pizzi
Farms Condominium
By its Attorneys,

/s/ Marie Cheung-Truslow

_____
Marie Cheung-Truslow, Esq., BBO# 558659
MCheung-Truslow@IRLAfocus.com
Shannon M. Warren, Esq., BBO# 678658
SWarren@IRLAfocus.com
Insurance Recovery Legal Associates, LLC
959 Concord Street, Suite 200
Framingham, MA 01701
(508) 656-1990